UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHEYENNE NORMAN,<br><br>    Plaintiff,<br><br>– against –<br><br>CITY OF NEW YORK, POLICE OFFICER BRIAN VOLPI, and POLICE OFFICER JOHN DOE,<br><br>    Defendants. | Civil Action No.: 14-6542<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Cheyenne Norman, by her attorneys, Mark A. Marino, PC, for her Complaint against Defendant City of New York, Defendant Police Officer Brian Volpi, and Defendant Police Officer John Doe, alleges, upon personal knowledge and upon information and belief:

## NATURE OF THE ACTION

1. On or about August 14, 2013, Plaintiff Cheyenne Norman ("Plaintiff") was arrested and detained by Defendant Police Officer Brian Volpi and Defendant Police Officer John Doe (among others) for allegedly possessing a stolen gun.  Plaintiff was taken to the 113th Precinct and then held in Central Booking for approximately twenty-four hours without probable cause, consent, or any other justification.  (The allegations in this paragraph, along with the allegations as further detailed below, are hereinafter referred to, collectively, as the "Incident.")

2. Defendant City of New York, Defendant Police Officer Brian Volpi, and Defendant Police Officer John Doe caused injuries to Plaintiff, including loss of freedom, psychological injury, and lost wages (among other things).

## PARTIES

3. Plaintiff is, and was at the time of the Incident, a resident of Queens County, State of New York.

4. Defendant City of New York is, and was at the time of the Incident, a municipal corporation duly organized under, and existing by virtue of, the laws of the State of New York.

5. Defendant Police Officer Brian Volpi is, and was at the time of the Incident, a police officer with the New York City Police Department ("NYPD"), an agency of Defendant City of New York, stationed at the NYPD's 113th Precinct with Tax ID No. 951404 ("Volpi").

6. Upon information and belief, Defendant Volpi was the arresting officer.

7. Defendant Volpi was, during the incidents giving rise to this action, acting within the scope of employment with the NYPD and thus Defendant City of New York.

8. Defendant Volpi was, during the incidents giving rise to this action, acting under color of state law.

9. Upon information and belief, Defendant Police Officer John Doe is, and was at the time of the Incident, a police officer (or other member of the service) with the New York City Police Department ("NYPD"), an agency of Defendant City of New York, stationed at the NYPD's 113th Precinct ("John Doe").

10. At all relevant times, including, but not limited to, the time during which the Incident took place, Defendant John Doe was acting within the scope of employment.

11. At all relevant times, including, but not limited to, the time during which the Incident took place, Defendant John Doe was acting under color of state law.

12. Defendant Volpi and Defendant John Doe are referred to herein, collectively, as the "Individual Defendants."

13. Defendant City of New York, Defendant Volpi, and Defendant John Doe are referred to herein, collectively, as "Defendants."

## JURISDICTION AND VENUE

14. This Court has original jurisdiction over the instant action, pursuant to 28 U.S.C. §§1331 and 1343, as this is a civil action asserting claims under the federal civil rights laws.

15. This Court has supplemental jurisdiction over any claims asserted under New York state law, pursuant to 28 U.S.C. §1367, as these claims are so related to Plaintiff's claims under the federal civil rights laws that they form part of the same case or controversy.

16. Venue is proper, pursuant to 28 U.S.C. §1391, as the events and transactions giving rise to Plaintiff's claims occurred within this district (in Queens County).

## FACTUAL ALLEGATIONS

17. At approximately 1:00 a.m. on August 15, 2013, Plaintiff was sitting with a friend in front of her residence, which is located at 153-02 119th Avenue, Queens, New York 11434.

18. Plaintiff's residence is located on the southeast corner of 119th Avenue and 153rd Street.

19. Plaintiff's residence has a fenced-in front yard.

20. Plaintiff and her friend were on the porch of the house at the aforementioned time, within the fenced-off area.

21. Upon information and belief, two young men were walking near Plaintiff's residence, outside the fenced-off area (near the southeast corner of 119th Avenue and 153rd Street).

22. Two NYPD police officers arrived in a police vehicle and pulled up by the young men.

23. One of the young men entered Plaintiff's front gate on 119th Avenue and ran across Plaintiff's front yard before exiting out a side gate onto 153rd Street.

24. Both officers chased this young man.

25. The young man dropped a gun in Plaintiff's front yard while running.

26. Upon information and belief, the other young man ran off in a different direction.

27. Upon information and belief, neither Defendant Volpi nor Defendant John Doe caught either of the young men.

28. Plaintiff and her friend did not move from the porch the entire time.

29. One of the officers – upon information and belief, Defendant Volpi – cavalierly walked into Plaintiff's front yard and found the gun.

30. The police officer, who is believed to be Defendant Volpi, was arrogant and extremely unpleasant to Plaintiff and her friend, at which time Plaintiff told that police officer to leave the yard.

31. The police officer believed to be Defendant Volpi told Plaintiff and her friend that Plaintiff's actions just got them both arrested.

32. The police officer believed to be Defendant Volpi arrested Plaintiff and her friend and took them to the 113th Precinct and subsequently to Central Booking for approximately twenty-four hours without probable cause, consent, or any other justification.

33. Plaintiff was charged with criminal possession of a weapon in the second degree and criminal possession of a weapon in the fourth degree, both armed felonies.

34. Upon information and belief, Plaintiff's friend was also charged with criminal possession of a weapon in the second degree and criminal possession of a weapon in the fourth degree, both armed felonies.

35. The case was terminated in Plaintiff's favor on July 9, 2014.

36. Plaintiff had to go to court numerous times to fight these baseless charges.

37. Plaintiff lost her job as a result of her false arrest.

## FIRST CLAIM FOR RELIEF
### VIOLATION OF 42 U.S.C. 1983 – FALSE ARREST/FALSE IMPRISONMENT
### As Against the Individual Defendants

38. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 37, inclusive, as though fully set forth herein.

39. Under the Constitution of the United States of America and 42 U.S.C. 1983, Plaintiff has the right to be free from unreasonable and illegal searches and seizures, including false arrest and false imprisonment.

40. One or more of the Individual Defendants violated Plaintiff's rights when he/they intentionally arrested and confined Plaintiff, who was conscious at the time, without consent, justification, privilege, or probable cause.

41. The actions of one or more of the Individual Defendants caused injuries to Plaintiff, including loss of freedom, psychological injury, and lost wages (among other things).

42. The Individual Defendants took the aforementioned actions against Plaintiff during the course, and within the scope, of employment with the NYPD and Defendant City of New York.

43. The Individual Defendants were acting under color of state law at all times during the Incident.

44. The actions taken by the Individual Defendants against Plaintiff were willful, wanton, reckless, and/or malicious, and therefore entitle Plaintiff to punitive damages in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. 1983 – FAILURE TO INTERVENE**
**As Against the Individual Defendants**

45. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 44, inclusive, as though fully set forth herein.

46. Under the Constitution of the United States of America and 42 U.S.C. 1983, police officers have an affirmative duty to protect the constitutional rights of citizens by intervening when other police officers commit constitutional violations in their presence.

47. One of the Individual Defendants violated Plaintiff's constitutional rights when, in his presence, the other Individual Defendant falsely arrested and falsely imprisoned Plaintiff, yet did not intervene to protect Plaintiff.

48. The actions of one of the Individual Defendants caused injuries to Plaintiff, including loss of freedom, psychological injury, and lost wages (among other things).

49. One of the Individual Defendants took the aforementioned (in)actions against Plaintiff during the course, and within the scope, of employment with Defendant City of New York.

50. The Individual Defendants were acting under color of state law at all times during the Incident.

51. The (in)actions taken by the Individual Defendant(s) against Plaintiff were willful, wanton, reckless, and/or malicious, and therefore entitle Plaintiff to punitive damages in an amount to be determined at trial.

### THIRD CLAIM FOR RELIEF
### VIOLATION OF 42 U.S.C. 1983 – MUNICIPAL LIABILITY
### As Against Defendant City of New York

52. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 51, inclusive, as though fully set forth herein.

53. NYPD police officers, such as the Individual Defendants, so often round up everyone in the area and arrest all of them when they find a gun that it has become a *de facto* policy of the NYPD.

54. The existence of the above-described unlawful and unconstitutional *de facto* policy and widespread custom and practice is known to, encouraged, and condoned by supervisory and policy-making officers and officials of the NYPD (and thus Defendant City of New York).

55. Defendant City of New York has shown a deliberate indifference towards citizens with respect to the foregoing unconstitutional policy.

56. Plaintiff sustained injuries as a result of Defendant City of New York's unconstitutional policy.

57. The aforementioned actions of the Individual Defendants resulted from, and were taken pursuant to, the above-mentioned *de facto* policy and/or well-settled and widespread custom and practice of Defendant City of New York, which are implemented by members of the NYPD.

58. Defendant City of New York is liable and responsible for all injuries resulting from its deliberate indifference to these unconstitutional practices.

### DEMAND FOR JURY TRIAL

59. Plaintiff demands a trial by jury.

**WHEREFORE**, plaintiff Cheyenne Norman respectfully requests that this Court enter Judgment in her favor and against Defendants as follows:

a. compensatory damages as against Defendants, jointly and severally, in the amount of two hundred thousand dollars ($200,000.00);

b. punitive damages as against Defendants, jointly and severally, in the amount of fifty thousand dollars ($50,000.00);

c. attorney's fees incurred during this action, pursuant to 42 U.S.C. 1988(b), the determination of which lies within the sound discretion of this Court;

d. costs incurred during this action, pursuant to 42 U.S.C. 1988(b), the determination of which lies within the sound discretion of this Court;

e. expert fees incurred during this action, pursuant to 42 U.S.C. 1988(c), the determination of which lies within the sound discretion of this Court;

f. all statutory interest on any sums awarded to Plaintiff; and

g. such other and further relief as the Court deems proper and fair.

Dated: New York, New York
October 30, 2014

Respectfully yours,

MARK A. MARINO, PC

_____
Mark A. Marino (MM 0676)
*Attorney for Plaintiff Cheyenne Norman*
380 Lexington Avenue, 17th Floor
New York, New York 10168
Tel: 212.748.9552
Fax: 646.219.5350